UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| CASEY COPELAND, RICH JATERKA, JAMES NEAL, and RAFAEL VIESCA<br><br>Plaintiffs,<br><br>v.<br><br>3M COMPANY and AEARO TECHNOLOGIES LLC,<br><br>Defendants. | Civil No.  20-1490 (JRT/KMM)<br><br>MEMORANDUM OPINION AND ORDER |

Daniel E. Gustafson, Amanda M. Williams, Karla M. Gluek, **GUSTAFSON GLUEK PLLC**, 120 South Sixth Street, Suite 2600, Minneapolis, MN 55402; Alicia N. Sieben, Matthew James Barber, and William R. Sieben, **SCHWEBEL GOETZ & SIEBEN PA**, 80 South Eighth Street, Suite 5120, Minneapolis, MN 55402, for plaintiffs.

Benjamin W. Hulse, Jerry W. Blackwell, and S. Jamal Faleel, **BLACKWELL BURKE PA,** 431 South Seventh Street, Suite 2500, Minneapolis, MN 55415; and Faris Rashid**, GREENE ESPEL PLLP**, 222 South Ninth Street, Minneapolis, MN 55402, for defendants.

Plaintiffs each wore Combat Arms Earplugs, Version 2 ("the CAEv2"), designed and manufactured by Defendant 3M Company ("3M"), to protect themselves from damaging sounds, but still Plaintiffs suffered hearing loss and tinnitus.  Thus, Plaintiffs filed this action in Minnesota state court, alleging that 3M failed to properly warn and instruct them as to the proper use of the earplugs.  3M removed the action here, asserting three defenses: the federal contractor defense, the combatant activities exception, and the

federal enclave doctrine. In response, Plaintiffs move the Court to remand the action to state court. Conversely, 3M moves the Court to stay the proceedings while 3M seeks to transfer the action to the MDL court in the Northern District of Florida. Because the Court finds that it lacks subject matter jurisdiction, as none of the three defenses are available, the Court will grant Plaintiffs' Motion to Remand and will deny 3M's Motion to Stay Proceedings.

**BACKGROUND**

**I. PLAINTIFFS**

Casey Copeland used the CAEv2 at a sniper training camp while employed as a police officer in Louisiana. (Compl. ¶¶ 16–17, June 30, 2020, Docket No. 1-1.) Copeland avers that he only wore the earplugs on a firing range in St. James Parish, which is not on a stateside military base. (Decl. of Daniel E. Gustafson ("Gustafson Decl." ¶ 7, Sept. 3, 2020, Docket No. 30, Ex. D at 2.)

James Neal has worked in Ohio law enforcement since 1997 and was issued the CAEv2 at the police academy and with his slot gear. (Compl. ¶¶ 38–39.) Neal states that he only wore the earplugs while on public shooting ranges or on patrol and never wore them on a stateside military base. (Gustafson Decl. ¶ 8, Ex. E at 2.)

Rich Jaterka operated trucks and rode in aircraft transport vehicles from 2005 to 2011, during which time he was exposed to loud sounds generated by improvised explosive devices and mortar attack while wearing the CAEv2. (Compl. ¶¶ 30–31.)

Jaterka avers that he only wore the earplugs while in Iraq and never wore them on a stateside military base. (Gustafson Decl. ¶ 4, Ex. A at 2.)

Rafael Viesca worked as a canine handler in Iraq in 2011, during which time he investigated and secured vehicles and packages at checkpoints while wearing the CAEv2. (Compl. ¶¶ 47–48.) Viesca states that he only wore the earplugs while in Iraq and never wore them on a stateside military base. (Gustafson Decl. ¶ 4, Ex. B at 2.)

## II. PROCEDURAL HISTORY

Plaintiffs filed their action in Minnesota state court, alleging that 3M failed to instruct or warn them regarding how to properly fit and safely wear the CAEv2. (Compl. ¶¶ 83–97.) 3M gave notice of removal, arguing that this Court has subject matter jurisdiction based upon three federal defenses: 1) the federal contractor defense; 2) the combatant activities exception; and 3) the federal enclave doctrine. (Notice of Removal at 2–3, June 30, 2020, Docket No. 1.)

Plaintiffs seeks to remand the action to state court for lack of subject matter jurisdiction. (Mot. to Remand, July 30, 2020, Docket No. 9.) 3M disagrees and has moved to stay the proceedings as it waits for the Judicial Panel on Multidistrict Litigation to determine whether the action should be transferred to the MDL court in the Northern District of Florida. (Mot. to Stay Proceedings, Sept. 3, 2020, Docket No. 23.)

## III. MULTI-DISTRICT LITIGATION

This case is one of hundreds of lawsuits against 3M, alleging injury caused by the CAEv2. *See In re 3M Combat Arms Earplug Prod. Liab. Litig.*, No. 3:19-md-2885, 2020 WL 365617, at *1 (N.D. Fla. Jan. 22, 2020). The MDL court has denied hundreds of remand motions by plaintiffs who initially brought claims in Minnesota state court, finding that the federal contractor defense established federal officer jurisdiction. *Id.* Subsequently, however, the MDL court concluded that "the government contractor defense is unavailable to 3M as a matter of law with respect to the failure-to-warn claims." *In re 3M Combat Arms Earplug Prod. Liab. Litig.*, No. 3:19-md-2885, 2020 WL 4275646, at *20 (N.D. Fla. July 24, 2020), *motion to certify appeal denied*, No. 3:19MD2885, 2020 WL 4756326 (N.D. Fla. Aug. 17, 2020). This Court reached the same conclusion in two previous actions, thus remanding each back to state court for lack of subject matter jurisdiction. *See Trail v. 3M Co.*, No. 20-cv-1153 (JRT/KMM), 2020 WL 4193868, at *4 (D. Minn. July 21, 2020); *Graves v. 3M Co.*, 447 F. Supp. 3d 908, 913 (D. Minn. 2020). Neither the MDL court or this Court have considered the combatant activities exception or federal enclave question before.

**DISCUSSION**

**I. MOTION TO REMAND**

Typically, a defendant may remove a civil action to federal court only if the action could have been filed originally in federal court. *See* 28 U.S.C. § 1441(a); *Gore v. Trans World Airlines*, 210 F.3d 944, 948 (8th Cir. 2000). As a rule, where a complaint pleads only

state law claims, a federal court does not have jurisdiction based on a federal defense. *See Crews v. Gen. Am. Life Ins. Co.*, 274 F.3d 502, 504 (8th Cir. 2001). However, both the Federal Officer Removal Statute and the federal enclave doctrine offer exceptions to the rule.

### A.  THE FEDERAL OFFICER REMOVAL STATUTE

28 U.S.C. § 1442, the Federal Officer Removal Statute, provides that cases against federal officers "may be removed despite the nonfederal cast of the complaint; the federal-question element is met if the defense depends on federal law." *Jefferson County v. Acker*, 527 U.S. 423, 431 (1999). To satisfy the statute, the removing defendant must plausibly allege that (1) the defendant is a "person" under the statute; (2) the defendant was "acting under" the direction of a federal officer when it engaged in the allegedly tortious conduct; (3) there was a causal connection between the defendant's actions and the official authority; and (4) the defendant raises a "colorable" federal defense. *See Jacks v. Meridian Res. Co.*, 701 F.3d 1224, 1230 (8th Cir. 2012). "For a defense to be considered colorable, it need only be plausible." *Guggenberger v. Starkey Labs., Inc.*, No. 16-cv-2021 (JRT/LIB), 2016 WL 7479542, at *11 (D. Minn. Dec. 29, 2016) (quoting *United States v. Todd*, 245 F.3d 691, 693 (8th Cir. 2001)).

Both the federal contractor defense and the combatant activities exception can be asserted as federal defenses under the Federal Officer Removal Statute. Each defense will be addressed in turn. As the Court has already determined that 3M has plausibly

alleged the first three factors, only the fourth is in question. *See Graves*, 447 F. Supp. 3d at 912–13.

### 1. Federal Contractor Defense

The federal contractor defense shields federal contractors by preempting state tort liability for failure-to-warn claims "when (1) the United States approved reasonably precise specifications; (2) the equipment conformed to those specifications; and (3) the supplier warned the United States about the dangers in the use of the equipment that were known to the supplier but not to the United States." *Boyle v. United Techs. Corp.* 487 U.S. 500, 512 (1988). "Stripped to its essentials, the military contractor's defense under *Boyle* is to claim, 'The Government made me do it.'" *In re Joint E. & S. Dist. New York Asbestos Litig.*, 897 F.2d 626, 632 (2d Cir. 1990).

In *Graves*, the Court previously held that 3M failed to demonstrate a colorable federal contractor defense. *Graves*, 447 F. Supp. 3d at 916. The Court then held that 3M was precluded from asserting jurisdiction over the same CAEv2 failure-to-warn issues litigated in *Graves*. *Trail*, 2020 WL 4193868, at *4. Because the issues here are identical to those in both *Graves* and *Trail*, the Court finds that 3M is precluded from asserting jurisdiction based on the federal contractor defense.

### 2. Combatant Activities Exception

Like the federal contractor defense, the combatant activities exception arises under the Federal Tort Claims Act, which excepts from liability any "claim arising out of

the combatant activities of the military or naval forces . . . during time of war." 28 U.S.C. § 2680(j). While the Eighth Circuit has not considered the issue, some courts have extended the exception to private contractors if they are "integrated into combatant activities over which the military retains command authority," *Saleh v. Titan Corp.*, 580 F.3d 1, 7, 9 (D.C. Cir. 2009) (finding contractors were "inextricably embedded in the military structure"); *Koohi v. United States*, 976 F.2d 1328, 1336–37 (9th Cir. 1992) ("[N]o duty of reasonable care is owed to those against whom force is directed as a result of authorized military action."). Some courts have also found the exception to be available when contractors furnish the armed forces with "sophisticated high-technology military equipment . . . which has no civilian analog." *Bentzlin v. Hughes Aircraft Co.,* 833 F. Supp. 1486, 1489 (C.D. Cal. 1993).[1]

However, courts have been reluctant to extend the exception simply because a contractor supplied the military with a product or service. *See Harris v. Kellogg Brown & Root Servs., Inc.*, 724 F.3d 458, 480 (3d Cir. 2013) (finding that contractors should not be insulated from liability when battlefield decisions or orders are not at issue); *Lessin v. Kellogg Brown & Root*, No. CIVA H-05-01853, 2006 WL 3940556, at *4 (S.D. Tex. June 12, 2006) (denying the exception when no military decision-making was involved). For, "no

---

[1] *Cf. McMahon v. Presidential Airways, Inc.*, 460 F. Supp. 2d 1315, 1331 (M.D. Fla. 2006), *aff'd*, 502 F.3d 1331 (11th Cir. 2007) (noting that the exception might preempt claims if products liability claims involve complex, sophisticated equipment); *Fisher v. Halliburton*, 390 F. Supp. 2d 610, 616 (S.D. Tex. 2005) (noting that courts have extended the exception in cases involving "nuanced discretion and sophisticated judgments by military experts").

uniquely federal interest warrants preemption when the federal government has little or no control over a contractor's conduct." *In re KBR, Inc., Burn Pit Litig.*, 744 F.3d 326, 348 (4th Cir. 2014) (quotation omitted) (citing *Boyle*, 487 U.S. at 509-10).

Here, 3M was not integrated into combatant activities like a soldier in all but name, nor did it supply a combat weapon that the military employed in action against enemy forces. Further, the CAEv2 is not like a weapons guidance system or a missile; that is, the earplugs are not complex, sophisticated equipment without civilian analog. In fact, the CAEv2 was also marketed and sold to civilians, two of whom represent half the Plaintiffs in this action. Finally, 3M has not demonstrated that the government exercised much control over any aspect of the CAEv2, or that 3M's alleged tortious conduct was directed by battlefield decisions or orders. As such, 3M has not shown a uniquely federal interest in significant conflict with state law. Accordingly, the Court finds that the combatant activities exception is not a colorable defense.

### B. FEDERAL ENCLAVE JURISDICTION

"A federal enclave is created when a state cedes jurisdiction over land within its borders to the federal government and Congress accepts that cession. These enclaves include numerous military bases." *Allison v. Boeing Laser Tech. Servs.*, 689 F.3d 1234, 1235 (10th Cir. 2012). "The Supreme Court has explicitly held that 'the grant of 'exclusive' legislative power to Congress over enclaves that meet the requirements of Art. I, § 8, cl. 17, by its own weight, bars state regulation without specific congressional action.'" *W.*

*River Elec. Ass'n, Inc. v. Black Hills Power & Light Co.*, 918 F.2d 713, 716 (8th Cir. 1990) (quoting *Paul v. United States,* 371 U.S. 245, 263 (1963)).  As such, federal courts have federal question jurisdiction over tort claims that arise on federal enclaves, *Durham v. Lockheed Martin Corp.*, 445 F.3d 1247, 1250 (9th Cir. 2006), thus allowing removal of such actions to federal district court, *Akin v. Ashland Chem. Co.*, 156 F.3d 1030, 1034 (10th Cir. 1998).  Federal enclave jurisdiction, however, has not been found to extend to military installations on foreign soil.  See *Harris v. Kellogg, Brown & Root Servs., Inc.*, 796 F. Supp. 2d 642, 656 n.7 (W.D. Pa. 2011).[2]

Here, two of the four defendants allege that they suffered CAEv2-related injuries while on firing ranges that were not located on stateside military bases.  The other two plaintiffs allege that they suffered CAEv2-related injuries while in Iraq.  As such, none of the alleged injuries occurred on a federal enclave.  Accordingly, the Court finds the federal enclave doctrine to be inapplicable.

In sum, because Plaintiffs plead only state law claims and 3M's asserted defenses are neither colorable nor applicable, the Court lacks subject matter jurisdiction.  Accordingly, the Court will grant Plaintiffs' Motion to Remand.

## II. MOTION TO STAY

---

[2] *Accord Gavrilovic v. Worldwide Language Res., Inc.*, 441 F. Supp. 2d 163, 177 (D. Me. 2006); *Nguyen v. Allied Signal, Inc.*, No. C 98-03616 SI, 1998 WL 690854, at *1 (N.D. Cal. Sept. 29, 1998).

-9-

"The Court has the inherent power to stay proceedings of an action to control its docket, to conserve judicial resources, and to ensure that each matter is handled 'with economy of time and effort for itself, for counsel, and for litigants.'" *4Brava, LLC v. Sachs*, No. 15-cv-2744 (JRT/DTS), 2018 WL 2254568, at *2 (D. Minn. May 17, 2018) (quoting *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936)).  The Court will weigh the competing interests of the parties and the hardship or inequity a party may suffer if a stay is denied or granted.  *4Brava*, 2018 WL 2254568, at *2.

As noted above, when a complaint pleads only state law claims, a federal court does not have jurisdiction based on a federal defense unless an exception applies.  No such exception applies here.  As such, 3M would not suffer hardship if the Court were to deny a stay; however, Plaintiffs would certainly suffer hardship if the Court were to grant a stay.  Accordingly, the Court will deny 3M's Motion to Stay Proceedings.

## ORDER

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that Plaintiffs' Motion to Remand [Docket No. 9] is **GRANTED** and Defendants' Motion to Stay Proceedings [Docket No. 23] is **DENIED.**

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

-11-

DATED:  September 25, 2020            _____
at Minneapolis, Minnesota.                   JOHN R. TUNHEIM
                                                        Chief Judge
                                  United States District Court