UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | | |
|---|---|---|
| CASEY COPELAND et al., | | |
| | Plaintiffs, | |
| v. | | |
| | | Civil No. 20-1490 (JRT/TNL) |
| 3M COMPANY and AEARO TECHNOLOGIES LLC, | | |
| | Defendants. | |
| RUSSELL NISBET | | |
| | Plaintiff, | |
| v. | | |
| | | Civil No. 20-1769 (JRT/TNL) |
| 3M COMPANY and AEARO TECHNOLOGIES LLC, | | |
| | Defendants. | |
| VAUGHN SCHER, | | |
| | Plaintiff, | |
| v. | | |
| | | Civil No. 20-1771 (JRT/TNL) |
| 3M COMPANY and AEARO TECHNOLOGIES LLC, | | |
| | Defendants. | |

| | | |
|---|---|---|
| MUSTAFA SULTAN, | | |
| | Plaintiff, | |
| v. | | |
| | | Civil No. 20-1747 (JRT/TNL) |
| 3M COMPANY and AEARO TECHNOLOGIES LLC, | | |
| | Defendants. | |

### MEMORANDUM OPINION AND ORDER GRANTING PLAINTIFFS' MOTIONS TO REMAND

Karla M. Gluek, Daniel E. Gustafson and Amanda M. Williams, **GUSTAFSON GLUEK PLLC,** 120 South Sixth Street, Suite 2600, Minneapolis, MN 55402; Matthew J. Barber, Alicia N. Sieben, and William R. Sieben, **SCHWEBEL GOETZ & SIEBEN, P.A.**, 80 South Eighth Street, Suite 5120, Minneapolis, MN 55402; Mikal C. Watts, **WATTS GUERRA LLP**, 5726 West Hausman Road, Suite 119, San Antonio, TX 78249, for Plaintiffs.

S. Jamal Faleel, Benjamin W. Hulse, and Eugene Hummel, **NORTON ROSE FULBRIGHT**, 60 South Sixth Street, Suite 3100, Minneapolis, MN 55402, Jerry W. Blackwell, **BLACKWELL BURKE PA**, 431 South Seventh Street, Suite 2500, Minneapolis, MN 55415, Faris Rashid, **GREENE ESPEL PLLP**, 222 South Ninth Street, Suite 2200, Minneapolis, MN 55402, for Defendants.

Plaintiffs wore Combat Arms Earplugs, Version 2 (the "CAEv2"), manufactured by Defendants 3M and Aearo Technologies LLC (collectively, "3M"), to protect against loud and damaging sounds.[1] After suffering hearing damage or tinnitus, Plaintiffs brought

---

[1] The Parties previously agreed to consolidate briefing in similar earplug cases for the convenience of the Parties and the Court. Thus, this Order concerns the following, individual but consolidated cases: Rich Jaterka and Rafael Viseca who were filed in the Copeland et al. complaint

separate suits against 3M in Minnesota state court, asserting failure-to-warn claims under state law.  3M removed Plaintiffs' actions to federal court, arguing that the Court has jurisdiction over Plaintiff's claims.  The Court granted Plaintiffs' Motion to Remand after finding it lacks subject matter jurisdiction.  Defendants appealed and the Eighth Circuit affirmed in part and remanded to the Court to determine which members of the Copeland Plaintiffs are part of the group that acquired CAEv2 earplugs through the military, finding that the Court may have jurisdiction over those actions.  Because of the Court's earlier rulings in related cases, 3M is precluded from asserting, as grounds for removal, the government contractor defense, the combatant activities exception, and federal question jurisdiction with respect to claims arising in Iraq and Afghanistan.  Additionally, because 3M cannot show that the Plaintiffs obtained their CAEv2 earplugs from the military, 3M has not raised a colorable federal contractor defense under the Eighth Circuit's *Graves* decision.  Thus, the Court lacks subject matter jurisdiction over all Plaintiffs' claims, and the Court will therefore grant Plaintiffs' Motions to Remand.

## BACKGROUND

**I.    FACTS**

Plaintiffs wore the CAEv2 when performing tasks that exposed them to loud, high-pitched noises, either as stateside civilian employees or overseas civilian contractors.

---

(Case Number 20-cv-1490); Russell Nisbet (Case Number 20-cv-1769); Vaughn Scher (Case Number 20-cv-1771); and Mustafa Sultan (Case Number 20-cv-1747).

(*See, e.g.*, Case No. 20-1490, Copeland, et. al. Compl. ¶¶ 30–50, June 30, 2020, Docket No. 1-1; Case No. 20-1769, Nisbet Compl. ¶¶ 8–12, August 13, 2020, Docket No. 1-1; Case No. 20-1771, Scher Compl. ¶¶ 8–12, August 13, 2020, Docket No. 1-1; Case No. 20-1747, Sultan Compl. ¶¶ 8–12, August 11, 2020, Docket No. 1-1.)  Plaintiffs allege that they did not receive instructions to fold back the third flange of the CAEv2 earplugs nor did they receive a warning that the earplugs would be ineffective if they did not do so and, as a result, they now suffer from hearing loss and/or tinnitus.  (*See, e.g.*, Copeland, et. al. Compl. ¶¶ 19–20.)

## II. PROCEDURAL HISTORY

Plaintiffs filed their actions in Minnesota state court, alleging that 3M failed to warn, provide instructions, and provide an adequate label that including the modified fitting instructions necessary to properly fit and safely wear the CAEv2.  (*See, e.g.*, Copeland, et. al. Compl. ¶ 86.)  3M subsequently gave notice of removal, arguing that the Court has subject matter jurisdiction over some claims based upon the federal contractor defense, combatant activities defense, and because some alleged injuries occurred in part on federal enclaves.  (*See, e.g.*, Case No. 20-1490, Copeland, et. al. Notice of Removal at 2–3, June 30, 2020, Docket No. 1.)  Plaintiffs filed Motions to Remand for lack of subject matter jurisdiction.  The Court granted the Copeland Plaintiffs' and Sultan's[2] Motions to

---

[2] The Copeland Plaintiffs here refers to only to Plaintiffs Jaterka and Viseca.  (*See* Copeland, et. al. Compl. ¶¶ 8, 12.)  Sultan is an individual Plaintiff in his own action against 3M.  (*See* Sultan Compl. ¶¶ 5-12.)  The Eighth Circuit in *Graves* remanded in part specifically as it

Remand, finding it lacks subject matter jurisdiction. (*See* Case No. 20-1490, Copeland, et. al. Order Granting Motion to Remand, Sept. 25, 2020, Docket No. 43.) *Sultan v. 3M Co.*, No. 20-1747, 2020 WL 7055576, at *10 (D. Minn. Dec. 2, 2020). Defendants appealed to the Eighth Circuit, which held that 3M had raised a colorable federal contractor defense where the plaintiffs received their CAEv2 earplugs from the military. *Graves v. 3M Co.*, 17 F.4th 764, 773 (8th Cir. 2021). Accordingly, the Eighth Circuit affirmed in part and remanded to the Court to determine which members of the Copeland Plaintiffs acquired CAEv2 earplugs through the military.

## DISCUSSION

### I.    STANDARD OF REVIEW

A defendant may remove a civil action to federal court only if the action could have been filed originally in federal court. *See* 28 U.S.C. § 1441(a); *Gore v. Trans World Airlines*, 210 F.3d 944, 948 (8th Cir. 2000). "A defendant is not permitted to inject a federal question into an otherwise state-law claim and thereby transform the action into one arising under federal law." *Gore*, 210 F.3d at 948 (citing *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987)). Instead, as the party seeking removal and opposing remand, a defendant bears the burden of establishing federal subject matter jurisdiction. *In re Bus.*

---

relates to the Copeland Plaintiffs. However, since the Eighth Circuit ruled that "3M made the requisite showing of a colorable federal contractor defense in the military contractor cases," that is, where the Plaintiffs received their CAEv2 earplugs from the military, the Court will examine 3M's claims that all Plaintiffs here, which includes Jaterka, Viseca, Nisbet, Scher, and Sultan, obtained their earplugs from the military. *Graves v. 3M Co.*, 17 F.4th 764, 772 (8th Cir. 2021).

*Men's Assurance Co. of Am.*, 992 F.2d 181, 183 (8th Cir. 1993).  All doubts about federal jurisdiction must be resolved in favor of remand.  *Dahl v. R.J. Reynolds Tobacco Co.*, 478 F.3d 965, 968 (8th Cir. 2007).

Generally, where a complaint pleads only state law claims, a federal court does not have jurisdiction based on a federal defense.  *See, e.g.*, *Aetna Health Inc. v. Davila*, 542 U.S. 200, 207–08 (2004).  However, the Federal Officer Removal Statute provides an exception to that rule.  *See* 28 U.S.C. § 1442(a)(1).  The statute provides that cases against federal officers "may be removed despite the nonfederal cast of the complaint; the federal-question element is met if the defense depends on federal law."  *Jefferson Cnty., Ala. v. Acker*, 527 U.S. 423, 431 (1999).

To satisfy the Federal Office Removal Statute, the removing defendant must plausibly allege that (1) the defendant is a "person" under the statute; (2) the defendant was "acting under" the direction of a federal officer when it engaged in the allegedly tortious conduct; (3) there is a causal connection between the defendant's actions and the official authority; and (4) the defendant raises a "colorable" federal defense.  *See Jacks v. Meridian Res. Co., LLC*, 701 F.3d 1224, 1230 (8th Cir. 2012) (abrogated on other grounds).  A defendant need only demonstrate that its defense is "colorable," not "clearly sustainable."  *Id.* at 1235.  "For a defense to be considered colorable, it need only be plausible; § 1442(a)(1) does not require a court to hold that a defense will be successful before removal is appropriate."  *United States v. Todd*, 245 F.3d 691, 693 (8th Cir. 2001).

## II. ANALYSIS

### A. Combatant Activities Exception and Federal Enclave Doctrine

In related cases, and earlier orders for the various Plaintiffs included in this action, the Court concluded that 3M failed to raise a colorable combatant activities defense with respect to the alleged tortious conduct. *Copeland v. 3M Co.*, No. 20-1490, 2020 WL 5748114, at *3 (D. Minn. Sept. 25, 2020); *Graves v. 3M Co.*, 447 F. Supp. 3d 908, 916 (D. Minn. 2020); *see also Bischoff v. 3M Co.*, 515 F. Supp. 3d 994, 998 (D. Minn. 2021). The Court also previously rejected 3M's invocation of federal enclave jurisdiction, concluding that 3M failed to show that federal question jurisdiction extended to claims arising in Iraq and Afghanistan. *Bell v. 3M Co.*, No. 21-382, 2021 WL 1864034, at *2 (D. Minn. May 10, 2021); *Allen v. 3M Co.*, No. 20-2380, 2021 WL 1118026, at *2 (D. Minn. Mar. 24, 2021); *Sultan v. 3M Co.*, No. 20-1747, 2020 WL 7055576, at *9–10 (D. Minn. Dec. 2, 2020).

Collateral estoppel prohibits 3M from relitigating these issues. "Under the doctrine of collateral estoppel, also called issue preclusion, '[w]hen an issue of fact or law is actually litigated and determined by a valid and final judgment, and the determination is essential to the judgment, the determination is conclusive in a subsequent action between the parties, whether on the same or a different claim.'" *Turner v. U.S. Dep't of Just.*, 815 F.3d 1108, 1111 (8th Cir. 2016) (quoting Restatement (Second) of Judgments § 27 (Am. L. Inst. 1982)).

7

3M has already litigated its combatant activities exception and federal enclave doctrine jurisdictional grounds several times and the Court issued final judgments remanding the previous actions for lack of subject matter jurisdiction. *See, e.g., Sultan*, 2020 WL 7055576 at *9. Thus, pursuant to the doctrine of collateral estoppel, 3M is precluded from asserting these grounds for removal again here. *See Robinette v. Jones*, 476 F.3d 585, 589–90 (8th Cir. 2007); *see also Sandy Lake Band of Miss. Chippewa v. United States*, 714 F.3d 1098, 1102–04 (8th Cir. 2013) (precluding a party from asserting a basis for subject matter jurisdiction that had already been adjudicated and found lacking).

**B. Federal Contractor Defense**

The Eighth Circuit has held that, where properly raised, the federal contractor defense gives rise to federal jurisdiction pursuant to the Federal Officer Removal Statute. *Graves*, 17 F.4th at 772. As it pertains to actions arising from CAEv2 litigation, 3M has properly raised the federal contractor defense where it plausibly alleges that the Plaintiffs obtained their CAEv2 earplugs from the military. *Id.* Here, 3M asserts that the Plaintiffs obtained their CAEv2 earplugs from the military or the federal government. 3M points to a packaging difference between the military and commercial lines of the earplugs and states that the Plaintiffs do not allege that they purchased CAEv2 in blister packaging, which is consistent with the military-version.

However, 3M fails to produce any evidence indicating that the sale of the "military" version of the earplugs was only to be sold to and only sold to the military. Moreover,

the record supports the contention that none of the Plaintiffs received their CAEv2 earplugs from the military. Both Plaintiff Nisbet and Plaintiff Scher testified that they received the earplugs from KBR, their civilian employer; Plaintiff Sultan testified that he received them from his civilian employer L3 Intelligent Solutions; Plaintiff Jaterka testified that he received the earplugs from an airstrip; and Plaintiff Viseca testified that he was handed the earplugs by a civilian employee of the U.S. State Department. (*See, e.g.*, Case No. 20-1490, Decl. Daniel E. Gustafson Ex. A, June 3, 2022, Docket No. 57-1; Case No. 20-1490, Decl. Daniel E. Gustafson Ex. B, June 3, 2022, Docket No. 57-1; Case No. 20-1490, Decl. Daniel E. Gustafson Ex. C, June 3, 2022, Docket No. 57-1; Case No. 20-1490, Decl. Daniel E. Gustafson Ex. D, June 3, 2022, Docket No. 57-1; Case No. 20-1490, Decl. Daniel E. Gustafson Ex. E, June 3, 2022, Docket No. 57-1.) Contrary to 3M's contentions, that Scher testified he also bought earplugs from a PX store in Iraq does not elevate 3M's defense. Even if it is true that such stores are run and operated by the federal government, it does not clearly establish that he purchased the earplugs from the military. In short, there is no evidence in the record to substantiate with any degree of certainty the assertion that the Plaintiffs obtained their CAEv2 earplugs from the military. Accordingly, 3M fails to establish a colorable federal government contractor defense.

      In sum, the Court concludes that it lacks subject matter jurisdiction over Plaintiffs' claims and will therefore grant Plaintiffs' Motions to Remand.

**ORDER**

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that Plaintiffs' Motions to Remand:

1. Copeland, et al., 20-cv-1490, Docket No. 54;

2. Nisbet, 20-cv-1769, Docket No. 45;

3. Scher, 20-cv-1771, Docket No. 37;

4. Sultan, 20-cv-1747, Docket No. 39;

are **GRANTED**.

DATED:  January 13, 2023
at Minneapolis, Minnesota.

_____
JOHN R. TUNHEIM
United States District Judge